**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JASON ASP,** on behalf of himself and all others similarly situated, | : | |
| | : | **Case No. 2:08-cv-427** |
| **Plaintiff,** | : | **Judge Holschuh** |
| **v.** | : | **Magistrate Judge Kemp** |
| **TOSHIBA AMERICA CONSUMER PRODUCTS, LLC,** | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Plaintiff Jason Asp filed this class action against Defendant Toshiba America Consumer Products, LLC ("Toshiba") alleging claims for: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violations of the New Jersey Consumer Fraud Act ("NJCFA"); and (4) unjust enrichment. Plaintiff also seeks declaratory and injunctive relief. The claims arise from Plaintiff's unpleasant experience with an allegedly defective Toshiba Digital Video Recorder ("DVR"). This matter is before the Court on Toshiba's motion to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. # 9.) With respect to Plaintiff's NJCFA claim, Toshiba moves alternatively to dismiss under Rule 9(b) for failure to allege fraud with particularity. For the reasons below, the Court **GRANTS IN PART** Toshiba's motion to dismiss.

# I.    Background[1]

In 2007, Plaintiff purchased a Toshiba DVR from a retailer for $175.  (Compl. ¶ 14.)  The

DVR, if it worked correctly, would enable Plaintiff to record television programs.  (Compl. ¶ 6.)

Five days after he purchased it, however, the DVR allegedly malfunctioned, failing to recognize

channels previously stored in its memory.  (Compl. ¶ 14.)  That failure, according to Plaintiff,

caused the DVR to miss pre-programmed scheduled recordings and required Plaintiff to

reprogram the device.  (Compl. ¶ 6.)  Plaintiff immediately contacted Toshiba Customer Service

for help with the problem.  (Compl. ¶ 15.)  In response, Plaintiff received the following email:

> Thanks for writing!  I do apologize for the inconvenience, but that is an issue with
> this unit.  At this time, the only solution we have is to unplug it for three minutes and
> see if the issue continues.  If it does at that time, it would need to be sent in for
> service . . . .

(Compl. ¶ 15.)

The customer service agent's recommendation that Plaintiff send the DVR in for service

was consistent with the DVR's limited warranty.  (Def.'s Mot. to Dismiss Ex. 1.)  The relevant

portions of the warranty provide:

> TACP warrants this DVR Product and its parts against defects in materials or
> workmanship for a period of ninety (90) days after the date of original retail

---

[1]  The following factual information, except for that regarding the warranty, is taken from
Plaintiff's complaint and is assumed to be true for the purposes of this motion.  <u>See</u> <u>Scheuer v.</u>
<u>Rhodes</u>, 4l6 U.S. 232, 236 (1974).  The information regarding the DVR warranty is taken from
the warranty itself, attached as Exhibit A to Toshiba's motion to dismiss.  (Doc. # 9.)  Courts
may consider "'documents that a defendant attaches to a motion to dismiss . . . if they are
referred to in the plaintiff's complaint and are central to her claim.'"  <u>Kreamer Sports, Inc. v.</u>
<u>Rocky Brands, Inc.</u>, 2007 WL 1144865, *5 (S.D. Ohio Apr. 16, 2007) (quoting <u>Amini v. Oberlin</u>
<u>College</u>, 259 F.3d 493, 502 (6th Cir. 2001)).  In this case, Plaintiff refers to the DVR warranty on
numerous occasions in his complaint.  (<u>See</u> Compl. ¶¶ 8, 10, 26, 49-57.)  And the warranty is
central to Plaintiff's breach of warranty claims.  Therefore, the Court will consider the warranty
for the purposes of this motion.

purchase.

DURING THIS PERIOD, TACP WILL EXCHANGE A DEFECTIVE DAV PRODUCT WITH A NEW OR REFURBISHED DAV PRODUCT WITHOUT CHARGE TO YOU. DURING THE PERIOD THAT COMMENCES ON THE DATE THAT IS NINETY ONE (91) DAYS AFTER THE DATE OF ORIGINAL RETAIL PURCHASE AND ENDS ON THE DATE THAT IS THREE HUNDRED SIXTY FIVE (365) DAYS AFTER THE DATE OF ORIGINAL RETAIL PURCHASE, TACP WILL EXCHANGE A DEFECTIVE DAV PRODUCT WITH A NEW OR REFURBISHED DAV PRODUCT FOR A FEE.

* * *

If after following all of the operating instructions in this manual and checking the section "TROUBLESHOOTING," you find that service is needed:

* * *

(2) You must provide the original bill of sale . . . or other proof of purchase along with the entire DAV Product when sending the DAV Product to the TACP Warranty Exchange Center specified by TACP's Consumer Solutions Center. You are responsible for all inbound transportation and insurance charges for the DAV product to the TACP Warranty Exchange Center.

* * *

ALL WARRANTIES IMPLIED BY THE LAW OF ANY STATE OF THE U.S.A., INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE EXPRESSLY LIMITED TO THE DURATION OF THE LIMITED WARRANTIES SET FORTH ABOVE. WITH THE EXCEPTION OF ANY WARRANTIES IMPLIED BY THE LAW OF ANY STATE OF THE U.S.A. AS HEREBY LIMITED, THE FOREGOING WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, GUARANTEES, AGREEMENTS, AND SIMILAR OBLIGATIONS OF TACP WITH RESPECT TO THE REPAIR OR REPLACEMENT OF ANY PARTS. IN NO EVENT SHALL TACP BE LIABLE FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, LOST PROFITS, BUSINESS INTERRUPTION, OR MODIFICATION OR ERASURE OF RECORDED DATA CAUSED BY USE, MISUSE OR INABILITY TO USE THIS DAV PRODUCT).

(Def.'s Mot. to Dismiss Ex. 1.)

Upset with the customer service agent's response, Plaintiff conducted some online research, only to discover that other customers were having the same problem with this Toshiba DVR model. (Compl. ¶¶ 16, 27.) According to Plaintiff, customers complained that the defect persisted even after Toshiba repaired or replaced the DVR under the warranty. (Compl. ¶¶ 16,

27.)  The customer service email, along with his online research, convinced Plaintiff that sending the DVR back to Toshiba for service under the warranty would be futile.  (Compl. ¶ 16.) Plaintiff instead kept the DVR in the hope that Toshiba would develop a fix for the alleged defect.  (Compl. ¶ 17.)  When he realized that a fix for the DVR was not forthcoming, he filed this class action against Toshiba on behalf of himself and all United States purchasers and end-users of Toshiba DVRs.  (Compl. ¶ 17.)

Plaintiff's class action complaint asserts four claims against Toshiba: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violations of the NJCFA; and (4) unjust enrichment.  Plaintiff also seeks declaratory and injunctive relief. Defendant's motion to dismiss Plaintiff's complaint under Rules 12(b)(6) and 9(b) is now before this Court.

## II.    Choice of Law

Plaintiff claims that New Jersey law governs this case.  (Compl. ¶ 20.)  Toshiba, on the other hand, suggests that Ohio law may govern.  (Def.'s Mot. to Dismiss 5 n.4, 10 n.7, 16 n.12.) Noting that Plaintiff's "invocation of New Jersey law raises obvious choice of law questions," Toshiba acquiesces to the application of New Jersey law for the purposes of this motion to dismiss.  (Def.'s Mot. to Dismiss 16 n.12.)  When parties acquiesce to the application of a particular state's law, courts need not address choice of law questions.  See GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998); Sneyd v. Int'l Paper Co., Inc., 142 F. Supp.2d 819, 823 n.2 (E.D. Mich. 2001) ("Because all parties acquiesce in the application of the substantive law of Michigan, the Court will apply Michigan law and need not conduct a choice-of-law analysis sua sponte."); In re Korean Air Lines Disaster, 932 F.2d 1475, 1495 (D.C.

Cir. 1991) ("Unlike jurisdictional issues, courts need not address choice of law questions sua sponte.").  This is especially true when no injustice will result from applying the wrong state's law.  See GBJ Corp., 139 F.3d at 1085.  In acquiescing to the application of New Jersey law, Toshiba acknowledges that this Court need not resolve whether New Jersey or Ohio law governs to determine this motion.  (Def.'s Mot. to Dismiss 16 n.12.)  Therefore, the Court, like Toshiba, will acquiesce and apply New Jersey law for the purposes of this motion.

## III.     Standard of Review for a Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail.  Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983); Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974)).  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Conley v. Gibson, 355 U.S. 41, 47 (1957); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1998).  A complaint need not set down in detail all the particularities of a plaintiff's claim.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  But the complaint "must contain either direct or inferential allegations

respecting all the material elements to sustain a recovery under *some* viable legal theory."
Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in
original).  Bare assertions of legal conclusions are insufficient.  See id.; Allard v. Weitzman (In
re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).  Likewise, "a formulaic recitation
of the elements of a cause of action" is not enough.  Bell Atlantic Corp. v. Twombly, -- U.S. --,
127 S.Ct. 1955, 1965 (2007).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe
the complaint in the light most favorable to the plaintiff and accept all well-pleaded material
allegations in the complaint as true.  See Scheuer, 4l6 U.S. at 236; Arrow v. Federal Reserve
Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638.  The Court will
indulge all reasonable inferences that might be drawn from the pleading.  See Saglioccolo v.
Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).  It will not, however, accept conclusions of
law or unwarranted inferences cast in the form of factual allegations.  See Gregory v. Shelby
County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis, 135 F.3d at 405-06.

The Court will grant a motion for dismissal under Rule 12(b)(6) in the absence of law to
support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of
the complaint, an insurmountable bar to relief indicates that the plaintiff does not have a claim.
Little v. UNUM Provident Corp., 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing Rauch v.
Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

## IV.    Discussion

Plaintiff's class action complaint asserts four substantive claims against Toshiba arising
from the allegedly defective DVR: (1) breach of express warranty; (2) breach of the implied

warranty of merchantability; (3) violations of the NJCFA; and (4) unjust enrichment.  Each claim

will be taken in turn to determine whether it survives Toshiba's Rule 12(b)(6) motion to dismiss.

### A.        Express Warranty

Plaintiff claims that Toshiba breached the DVR warranty by failing to live up to its

promise to either repair his defective DVR or replace it with a new, defect-free DVR.  Plaintiff

does not challenge the validity of the limited warranty.  And Plaintiff does not dispute that the

DVR warranty lawfully made repair and replacement the sole remedy for breach of express

warranty available to buyers within the ninety day warranty period.[2]  (Pl.'s Opp. to Def.'s Mot.

to Dismiss 6.)  He instead argues that the exclusive repair and replace remedy fails of its

essential purpose, freeing him to sue for breach of express warranty.

Plaintiff admits that he did not avail himself of the exclusive remedy in the warranty

before filing this suit, even though he was within the warranty period.  (Compl. ¶ 17.)  He argues

that it would have been futile to send his DVR to Toshiba for repair or replacement under the

warranty because Toshiba had no way to fix his DVR and would only have replaced it with an

equally defective DVR.  (Compl. ¶¶ 15-17.)  To support this allegation, Plaintiff relies on the

customer service email he received from Toshiba and the complaints he found online suggesting

that the problem with the DVR was incurable.  (Compl. ¶¶ 15-16.)  According to Plaintiff, he

should not be required to pay the cost of shipping the allegedly defective DVR back to Toshiba

only to receive an equally defective DVR in return.  (Compl. ¶ 26.)  Because the exclusive

---

[2] Under New Jersey law, a seller can limit the buyer's remedies to "repair and
replacement of nonconforming goods or parts."  N.J. STAT. ANN. § 12A:2-719(1)(a).  Resort to
the repair and replacement remedy is optional "unless the remedy is expressly agreed to be
exclusive, in which case it is the sole remedy."  Id. at ¶ 12A:2-719(1)(b).

remedy could not provide Plaintiff with the defect-free DVR he bargained for, Plaintiff argues that the remedy fails of its essential purpose. Therefore, Plaintiff argues he is free to seek remedies outside of the warranty, including this suit for breach of express warranty, to recover the loss caused to him by the allegedly defective DVR.

Toshiba responds that Plaintiff's breach of express warranty claim is meritless because Plaintiff failed to give Toshiba an opportunity to repair or replace his allegedly defective DVR. (Def.'s Mot. to Dismiss 5.) According to Toshiba, as a matter of law, in a case where the seller's warranty has limited remedies to the repair and replacement of a defective part or product, the remedy cannot fail of its essential purpose if the seller never has a reasonable opportunity to repair or replace the defective product. (Def.'s Mot. to Dismiss 7-8.) By failing to first give Toshiba the opportunity to repair his DVR or provide him with a defect-free replacement, Toshiba argues, Plaintiff forfeited any right he had to seek remedies outside of the warranty. (Def.'s Mot. to Dismiss 7-8.) Moreover, Toshiba argues that neither the customer service email nor the online complaints support Plaintiff's futility justification for not complying with the warranty requirements. (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss 4-8.) Far from telling Plaintiff that the defect could not be fixed, Toshiba argues, the customer service representative invited him to send his DVR in for servicing under the warranty. (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss 7.) Moreover, Toshiba argues that the online complaints, even if taken as true, do not sufficiently establish that Toshiba could not have fixed Plaintiff's DVR or replaced it with a defect-free model. (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss 8.) Therefore, because Plaintiff failed to allow Toshiba an opportunity to repair or replace his DVR under the warranty, Toshiba argues, Plaintiff has failed to state a claim for

breach of express warranty.

Under New Jersey law, a buyer of a product can escape the exclusive remedy of a warranty where circumstances cause the exclusive remedy "to fail of its essential purpose." N.J. STAT. ANN. § 12A:2-719(2). This includes buyers of products governed by exclusive repair and replace warranties who are able to show that repairing or replacing the product will not remedy a defect. See BOC Group, Inc. v. Chevron Chemical Co., 819 A.2d 431, 438 (N.J. Super. Ct. App. Div. 2003); Palmucci v. Brunswick Corp., 710 A.2d 1045, 1047-48 (N.J. Super. Ct. App. Div. 1998); General Motors Acceptance Corp. v. Jankowitz, 523 A.2d 695, 703 (N.J. Super. Ct. App. Div. 1987). Enforcing the exclusive remedy agreed upon by the buyer and seller in this situation would deprive the buyer of the benefit of buyer's bargain—a defect-free product that serves the purpose for which it was bought. The issue before this Court is whether Plaintiff has made sufficient factual allegations, for the purposes of Rule 12(b)(6), to support his claim that Toshiba's limited repair and replace remedy fails of its essential purpose. More specifically, to claim that this exclusive remedy fails to serve its essential purpose, must Plaintiff establish that he gave Toshiba the opportunity to honor the warranty by repairing or replacing the allegedly defective product? The answer is yes.

Plaintiff does not dispute that the warranty lawfully limited his remedy for breach of express warranty to the repair or replacement of his allegedly defective DVR. (Pl.'s Opp. to Def.'s Mot. to Dismiss 6.) In these cases, before the exclusive repair and replace remedy is considered to have failed of its essential purpose, "the seller must be given an opportunity to repair or replace the product." BOC Group, Inc., 819 A.2d at 438 (finding that plaintiff's failure to give the exclusive remedy an opportunity to work before terminating the contract precluded

his claim that the remedy failed of its essential purpose); Palmucci, 710 A.2d at 1047-48 (finding that boat seller's repair and replace warranty did not fail of its essential purpose because the buyer did not allow the seller the opportunity to repair the boat's allegedly defective engine); General Motors Acceptance Corp., 523 A.2d at 703 ("[T]he exclusive remedy of repair and replacement of defective parts fails of its essential purpose if, after numerous attempts to repair, the car did not operate as a new car should free of defects."); Midwest Printing, Inc. v. AM Int'l, Inc., 108 F.3d 168, 171-72 (8th Cir. 1997) (finding that buyer's refusal to accept seller's offer to replace the allegedly defective printing press under the warranty precludes buyer from recovering under the failure of its essential purpose theory); Malkamaki v. Sea Ray Boats, Inc., 411 F. Supp.2d 737, 745 (N.D. Ohio 2005) ("If, after repeated repairs, a vehicle fails 'to operate as should a new vehicle,' the repair remedy fails of its essential purpose.").  A repair and replace remedy fails of its essential purpose if the seller, after being presented with the opportunity to repair or replace a defective product, refuses to repair or replace the product, or repair or replacement would take an unreasonable time to complete.  BOC Group, Inc., 819 A.2d at 438; Chatlos Sys., Inc. v Nat'l Cash Register Corp., 635 F.2d 1081, 1086 (3d Cir. 1980) (holding that a repair warranty failed of its essential purpose when, after a year and a half of trying, the seller was unable to remedy defects in the buyer's computer system).[3]

In this case, Plaintiff does not dispute that he gave Toshiba no opportunity to repair his DVR or provide him with a defect-free replacement.  Far from allowing Toshiba numerous

---

[3] Contrary to Plaintiff's assertion, these cases are relevant to determining whether he has stated a breach of express warranty claim even though each case is either an appeal of a summary judgment ruling or a post-trial appeal.  The analysis in these cases of what is required to claim that a repair and replace warranty fails of its essential purpose is relevant at any stage of the litigation.

attempts to fix the alleged defect, Plaintiff refused to send the DVR to Toshiba for repair or replacement even after being advised of the remedy in a Toshiba customer service email.  See BOC Group, Inc., 819 A.2d at 438; Jankowitz, 523 A.2d at 703; Chatlos Sys., Inc., 635 F.2d at 1086.  In light of Toshiba's invitation to Plaintiff to send his DVR in for servicing, Plaintiff cannot argue that Toshiba refused to live up to its end of the warranty.  See BOC Group, Inc., 819 A.2d at 438; Chatlos Sys., Inc., 635 F.2d at 1086.  And Plaintiff has not alleged that repair or replacement of his DVR would have taken an unreasonable time to complete.  See id.

Plaintiff instead argues that he was not required to give Toshiba the opportunity to honor the warranty, and absorb the cost of sending the DVR back to Toshiba, because it would have been futile to do so.  To support this argument, he relies on the customer service email he received from Toshiba and his own internet research.  Plaintiff's futility argument is just another way of saying that Toshiba's warranty fails of its essential purpose.  At the heart of the failure of its essential purpose theory in this context is the idea that at some point, efforts to obtain relief under an exclusive repair and replace warranty prove fruitless or futile.  The fact glaringly absent from Plaintiff's claim is any effort on his part to obtain relief under the repair and replace warranty.  The email and Plaintiff's research alone, without any factual allegation that Plaintiff gave Toshiba an opportunity to repair or replace the allegedly defective DVR, do not form a sufficient factual basis to support Plaintiff's claim that the repair and replace remedy fails of its essential purpose.  See Little, 196 F. Supp.2d at 662 (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

First, the language of the customer service email simply does not support Plaintiff's argument that Toshiba could not effectively repair or replace his DVR.  Plaintiff relies on the

customer service representative's statement that "the only solution we have is to unplug [the DVR] for three minutes and see if the issue continues." (Compl. ¶¶ 15, 53). But that statement must be considered in the context of the entire email. The representative went on to say that if the problem continued, Plaintiff would need to send the DVR in for servicing. The representative did not say that the alleged problem was incurable, or that Toshiba could not send Plaintiff a defect-free replacement. The only reasonable reading of the representative's statement is that unplugging the DVR was Plaintiff's only solution to the problem short of invoking the repair and replacement remedy in the warranty. Whether repair or replacement would have solved Plaintiff's alleged problem, we will never know. But it cannot reasonably be concluded from the email, in light of Toshiba's invitation to Plaintiff to send the DVR in for servicing, that Toshiba could not or would not repair or replace his DVR. See Saglioccolo, 112 F.3d at 228. Taken as a whole, the customer service email more reasonably gives rise to the opposite conclusion—that Toshiba was ready to at least attempt to honor the warranty by repairing the alleged defect or replacing the DVR if Plaintiff sent it in.

Second, the complaints Plaintiff found online about the DVR, even when taken to be true, do not alone constitute facts sufficient to make a valid claim for failure of a repair and replace warranty to serve its essential purpose. See Little, 196 F. Supp.2d at 662 (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)). According to Plaintiff's complaint, Toshiba began selling the DVRs "to thousands of consumers sometime in or around 2004." (Compl. ¶ 3.) Plaintiff lists five complaints he found on the internet. (Compl. ¶ 27.) A handful of customer complaints about the DVR, and their experience with Toshiba's ability to repair or replace the alleged defect, does not reasonably give rise to an argument that it would have been futile for

12

Plaintiff to give Toshiba the opportunity to fix his DVR. Notwithstanding the complaints, Plaintiff's DVR may have had a different problem that was easily fixable. If not, Toshiba would have been legally obligated to provide Plaintiff with a new or refurbished defect-free replacement.

Finally, the Court understands Plaintiff's position that he should not have been required to shoulder the cost of shipping the DVR to Toshiba when the alleged defect arose through no fault of his own. The warranty, however, which Plaintiff admits is valid, is a very limited warranty and explicitly states that, in the event repair or replacement is necessary, Plaintiff would be "responsible for all inbound transportation and insurance charges." (Def.'s Mot. to Dismiss Ex. 1.) Any question regarding the wording of the limited express warranty and its use in the sale of Toshiba's products is not at issue in this case.

Reading all the factual allegations in and reasonable inferences arising from the complaint in his favor, the Court finds that Plaintiff has failed to state a breach of express warranty claim for which relief can be granted under Rule 12(b)(6). See Saglioccolo, 112 F.3d at 228. No amount of deference to Plaintiff's complaint can change the fact that he never gave Toshiba an opportunity to repair or replace his allegedly defective DVR before filing this suit as required by the warranty. Plaintiff admits in his complaint that he elected not to send his DVR to Toshiba for repair or replacement, although the limited warranty contained this requirement. (Compl. ¶ 17.) Because Plaintiff was required to allege that he gave Toshiba the opportunity to repair or replace his DVR in order to show that the warranty failed its essential purpose, the facts alleged in the complaint are insufficient to make a valid claim. See Little, 196 F. Supp.2d at 662 (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)). That is not to say that

all the members of Plaintiff's proposed class necessarily have meritless breach of express warranty claims. Those who lived up to their end of the warranty, gave Toshiba the opportunity to repair or replace, and were left with a defective product would have a stronger factual basis to support a claim that the remedy failed of its essential purpose. Plaintiff's breach of express warranty claim is precluded by his failure to give Toshiba the opportunity to repair or replace his allegedly defective DVR. Therefore, Toshiba's motion to dismiss this claim is **GRANTED**.

### B.      Implied Warranty of Merchantability

Plaintiff claims that Toshiba breached the implied warranty of merchantability by selling him the allegedly defective DVR. According to Plaintiff, the DVR is not fit for its ordinary purpose of recording the television shows that he programs it to record. (Compl. ¶ 66.) Under New Jersey law, "unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.J. STAT. ANN. § 12A:2-314(1). To be merchantable, the goods must be "fit for the ordinary purposes for which such goods are used." Id. at § 12A:2-314(2)(c).

A seller can limit the duration of the implied warranty of merchantability in a limited warranty. Id. at § 12A:2-316(2). To do so, the seller's limited warranty must mention merchantability and conspicuously modify the implied warranty.[4] Id. As with express warranties, a seller can limit the remedies available to the buyer for breach of the implied warranty of merchantability. Id. at §§ 12A:2-316(2), 12A:2-719(1)(a).

---

[4] Section 2308(b) of the Magnuson-Moss Act, which preempts state law regarding the modification of the implied warranty of merchantability in limited warranties, also permits sellers to limit the duration of the implied warranty of merchantability in this fashion. 15 U.S.C. § 2308(b).

To determine whether Plaintiff has stated a claim for breach of the implied warranty of merchantability, it must first be determined whether Toshiba's warranty modifies the implied warranty to make the cause of action unavailable to Plaintiff. If the warranty, under Plaintiff's circumstances, does not disclaim the implied warranty, the Court must determine whether the warranty limits, as it does regarding breach of express warranty, the remedies available for breach of the implied warranty of merchantability. Finally, if Plaintiff's claim survives both of these inquiries, the Court must determine whether Plaintiff's complaint states a claim for breach of the implied warranty of merchantability under Rule 12(b)(6).

### 1. Disclaimer and Modification

Toshiba's DVR warranty, in conspicuous bold and capital letters, states that "all warranties implied by the law of any state of the U.S.A., including the implied warrant[y] of merchantability . . . are expressly limited to the duration of the limited warranties set forth [in the agreement]." (Def.'s Mot. to Dismiss Ex. 1.) Therefore, within the ninety day express warranty period, Toshiba impliedly warrants that Plaintiff's DVR is fit for the ordinary purposes for which DVRs are used. See N.J. STAT. ANN. § 12A:2-314(2)(c). Outside of the ninety day period, however, Toshiba effectively disclaims the implied warranty of merchantability. See id. at § 12A:2-316(2).

Plaintiff claims that the alleged defect in his DVR arose five days after he purchased the DVR, well within the ninety day period in which Toshiba impliedly warrants the merchantability of the DVR. The next question, therefore, is what remedies are available to Plaintiff for Toshiba's alleged breach of the implied warranty.

## 2.     Limitation of Remedies

As discussed above, Toshiba's warranty limits remedies available to Plaintiff for breach of express warranty to repair and replacement of the allegedly defective DVR.  The Court finds, however, that this limitation does not apply to breaches of the implied warranty of merchantability within the ninety day warranty period.  The warranty states that "*with the exception of any warranties implied by the law of any state of the U.S.A. as hereby limited*, the foregoing warranty is exclusive and in lieu of all other warranties, guarantees, agreements, and similar obligations of [Toshiba] with respect to the repair or replacement of any parts."[5]  (Def.'s Mot. to Dismiss Ex. 1, emphasis added.)  The plain language of this sentence makes Toshiba's implied warranty of merchantability an exception to the rule that Toshiba's express warranty is exclusive with respect to the repair and replacement remedy.  Given this explicit exception, the sentence cannot reasonably be interpreted to limit the remedy available for breach of the implied warranty of merchantability to repair or replacement.  Since the repair and replacement remedy is not exclusive with respect to breach of the implied warranty of merchantability, resort to that remedy by Plaintiff is optional.  See N.J. STAT. ANN. § 12A:2-719(1)(b).[6]  The limited warranty, therefore, does not prevent Plaintiff from suing Toshiba for breach of the implied warranty of

---

[5] The "as hereby limited" language in the opening phrase refers to the preceding sentence in the warranty that limits the duration of implied warranties to the ninety day express warranty period.

[6] A finding that the limited warranty's language is ambiguous as to whether the repair and replacement remedy is the exclusive remedy for any breach of warranty, express or implied, would not change this outcome.  Under New Jersey law, the Court must construe any ambiguity in the limited warranty against Toshiba, the drafter of the warranty.  See In re Miller's Estate, 447 A.2d 549, 555 (N.J. 1982).

merchantability.[7]

Toshiba argues that because New Jersey law requires implied warranties to be construed as "consistent and cumulative" with express warranties, Plaintiff's breach of the implied warranty claim fails for the same reason the breach of express warranty claim fails: Plaintiff failed to avail himself of the exclusive repair and replace remedy in the warranty. See N.J. STAT. ANN. § 12A:2-317. Toshiba's reliance on N.J. STAT. ANN. § 12A:2-317 is misplaced. That statute does indeed require express and limited warranties "to be construed as consistent with each other and as cumulative. . ." Id. But the statute does not require the remedies available to a buyer for breach of express warranty and breach of implied warranty to be consistent with each other. Toshiba's express warranty—that for ninety days the DVR is defect-free and of workmanlike quality—is consistent with its implied warranty of merchantability—that the DVR is fit for the ordinary purposes for which DVRs are used. The only inconsistency in the limited warranty is that repair and replacement is the exclusive remedy for breach of the express warranty but not for breach of the implied warranty of merchantability. Section 12A:2-317 does not speak to inconsistencies in the remedies available for breach of express and implied warranty, and certainly does not require this Court to extend the exclusive repair and replacement remedy to breaches of the implied warranty of merchantability.[8]

_____

[7] The warranty does limit the "time within which an action must be commenced to enforce any obligation of [Toshiba] arising under the warranty . . . to ninety (90) days" from the date a defect is discovered. The warranty goes on to state, however, that "this limitation does not apply to implied warranties arising under state law." Therefore, this limitation does not apply to Plaintiff's breach of the implied warranty of merchantability claim.

[8] The authority cited by Toshiba to support its N.J. STAT. ANN. § 12A:2-317 argument relates to a different situation, where a seller limits the express warranty to a certain time period but fails to expressly limit or disclaim the implied warranty of merchantability. N.J. STAT. ANN.

### 3. Rule 12(b)(6) Analysis

All that is left for Plaintiff to do, for the purposes of this motion, is to allege a sufficient factual basis to support his breach of the implied warranty of merchantability claim. The Court finds that, taking all the factual allegations in the complaint as true, Plaintiff has made this showing. Plaintiff alleges that within five days of buying his DVR, the DVR malfunctioned and failed to recognize the channels he stored in its memory. (Compl. ¶ 14.) This alleged defect caused the DVR not to record Plaintiff's programs at scheduled times as it should have. (Compl. ¶ 6.) The DVR, in this defective state, was not fit for the ordinary purpose for which DVRs are used. See N.J. STAT. ANN. § 12A:2-314. Moreover, Toshiba is a merchant in DVRs. See id. Therefore, the Court finds that Plaintiff has stated a claim for breach of the implied warranty of merchantability for which relief can be granted. Toshiba's motion to dismiss this claim is **DENIED**.

### C. New Jersey Consumer Fraud Act

Plaintiff claims that Toshiba violated the NJCFA by misrepresenting the allegedly defective condition in its DVRs, concealing the defect from consumers, and intentionally omitting material information about the alleged defect from its advertisements and responses to consumer complaints. (Compl. ¶¶ 5, 45-48, 59.) Toshiba responds that Plaintiff fails to sufficiently state a NJCFA claim under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

The NJCFA creates a private cause of action when a plaintiff has suffered an

---

12A:2-317(c) applies in those cases to displace the implied warranty outside of the express warranty time period. That scenario is not present in this case, as Toshiba's warranty limits all warranties, express or implied, to the ninety day period. (Def.'s Mot. to Dismiss Ex. 1.)

"ascertainable loss of moneys or property, real or personal" as a result of any unfair or deceptive trade practice in violation of the statute. N.J. STAT. ANN. § 56:8-19. To state a claim under the NJCFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss. Cox v. Sears Roebuck & Co., 647 A.2d 454, 464-65 (N.J. 1994).

The pleading requirements of Rule 9(b) apply to NJCFA claims. See Slim CD, Inc. v. Heartland Payment Sys., Inc., 2007 WL 2459349, *11 (D.N.J. Aug. 24, 2007); Dewey v. Volkswagon AG, 558 F. Supp.2d 505, 526-27 (D.N.J. 2008). Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

> The Sixth Circuit reads this rule liberally . . . requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Ballan v. Upjohn Co., 814 F. Supp. 1375, 1385 (W.D. Mich.1992) (citing Michaels Bldg. Co. v. Ameritrust Co. N.A., 848 F.2d 674, 679 (6th Cir.1988)). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." Id. The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." Brewer [v. Monsanto Corp.], 644 F. Supp. [1267,] 1273 [(M.D. Tenn. 1986)].

Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993); Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (to satisfy Rule 9(b), the plaintiff must "inject precision or some measure of substantiation into a fraud allegation."). The heightened pleading requirement in Rule 9(b) must be read in harmony with the requirement in Rule 8(c) that averments in the complaint be

simple, concise, and direct.  <u>Michaels Bldg. Co. v. Ameritrust, Co., N.A.</u>, 848 F.2d 674, 679 (6th Cir. 1988).

Under the NJCFA, "when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud."  <u>Cox</u>, 647 A.2d at 462; <u>Slim CD</u>, 2007 WL 2459349 at *11 ("[W]hen the alleged consumer fraud consists of an omission, intent is an essential element of the charge.").  While intent may be alleged generally, it still must be alleged to satisfy Rule 9(b).  <u>See</u> Fed. R. Civ. P. 9(b); <u>Bender v. Southland Corp.</u>, 749 F.2d 1205, 1216 (6th Cir. 1984).  The Court will examine each of the NJCFA's three elements to determine whether Plaintiff has sufficiently pled his NJCFA claim.

### 1.    Unlawful Conduct by Toshiba

To violate the NJCFA, "a person must commit an 'unlawful practice' as defined in the legislation."  <u>Cox</u>, 647 A.2d at 462.  The NJCFA defines "unlawful practice" as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J. Stat. Ann. § 56:8-2.  "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations."  <u>Cox</u>, 647 A.2d at 462; <u>see</u> N.J. Stat. Ann. §§ 56:8-2, 56:8-4.

In this case, Plaintiff alleges both fraudulent affirmative misrepresentations and intentional omissions by Toshiba relating to the allegedly defective DVR.  (Compl. ¶¶ 5, 45-48, 59.)  Toshiba responds that all of Plaintiff's allegations of fraudulent conduct are insufficient

under Rule 9(b).  (Def.'s Mot. to Dismiss 18-19.)  The Court agrees with Toshiba with respect to Plaintiff's allegations of fraudulent misrepresentations, but disagrees with respect to his allegations of intentional omissions and concealment.

Plaintiff's allegations of affirmative fraudulent misrepresentations by Toshiba fail the particularity requirement of Rule 9(b).  Plaintiff alleges that "Toshiba uniformly misrepresented to consumers that their problems [with their DVRs] were not the result of a defect."  (Compl. ¶ 5.)  This alleged misrepresentation refers to consumers who had problems with their DVRs and reported those problems to Toshiba.  Plaintiff claims that Toshiba always told these consumers that whatever the problems were, they were not the result of a defect.  This allegation conflicts with what Toshiba, according to Plaintiff's own allegations, told Plaintiff.  Toshiba did not tell Plaintiff, as Plaintiff admits, that his problem was not the result of a defect in his DVR.  To the contrary, Toshiba told Plaintiff to try first to remedy the problem himself, and, if that failed, to send the DVR back to Toshiba for repair of the problem or replacement with a new or refurbished DVR.  (Compl. ¶ 15.)  Furthermore, as the Sixth Circuit has said, with reference to Rule 9(b), Plaintiff must allege, at a minimum, "the time, place, and content of the alleged misrepresentation on which he or she relied."  Coffey, 2 F.3d at 161-62 (quoting Ballan, 814 F. Supp. at 1385).  Plaintiff has failed to meet even these minimal requirements.  Therefore, the Court finds that Plaintiff has not sufficiently alleged affirmative fraudulent acts by Toshiba under Rule 9(b).

Plaintiff's allegations of intentional omissions and concealment by Toshiba, on the other hand, are sufficient under Rule 9(b).  Plaintiff alleges that:

> in connection with the sale of DVRs, Toshiba uniformly concealed and/or omitted
> material information regarding the defective nature of the DVRs . . . Moreover,

Toshiba concealed and/or omitted, and continues to conceal and/or omit the true defective condition of the DVRs. Toshiba even concealed and/or omitted the defective design and manufacture of the DVRs when Class Members complained to Toshiba about the problems with their DVRs and inquired about the defective condition of the DVRs.

(Compl. ¶ 5.) Plaintiff further alleges that Toshiba omitted information about the alleged defect in its advertisements. (Compl. ¶ 59.) Toshiba argues that these allegations are insufficient because Plaintiff provides no underlying factual support, including "who at TACP knew of the defect, how it was known or when it was known." (Def.'s Mot. to Dismiss 19.)

As Toshiba concedes, however, Plaintiff is not required to plead facts that are solely in Toshiba's possession. (Def.'s Reply to Pl.'s Opp. to Def.'s Mot. to Dismiss 12); see also Dewey, 558 F. Supp.2d at 527 (finding allegation of omission in violation of the NJCFA sufficient under Rule 9(b) where facts underlying the claim were outside of Plaintiff's control). The facts Plaintiff would need to allege with greater particularity regarding the alleged concealment of "material information regarding the defective nature of the DVRs," including who at Toshiba knew of the defect, how it was known, and when it was known, are all solely in Toshiba' possession. See id. Therefore, notwithstanding Rule 9(b)'s particularity requirement, the Court excuses Plaintiff's lack of greater specificity, at this stage of the litigation, for his concealment and omissions allegations.[9] See id.; Slim CD, 2007 WL 2459349 at *11-12 (finding allegations

---

[9] Toshiba cites Sheris v. Nissan North America Inc. to support its argument that Plaintiff fails to allege concealment with sufficient particularity. 2008 WL 2354908, *7 (D.N.J. June 3, 2008). In that case, the court, after citing the alleged facts supporting the claim from the complaint, found that plaintiff adequately pleaded a fraudulent concealment claim. Id. In this case, contrary to Toshiba's argument, Plaintiff alleges many of the same facts that the court in Sheris found to sufficiently constitute the basis for the fraud claim. For example, in this case, just as in Sheris, Plaintiff alleges that Toshiba knew about the alleged defect because numerous customers complained about it. See id.; (Compl. ¶ 2, 4, 8, 27.) Moreover, Plaintiff alleges that Toshiba failed to disclose the alleged defect in response to those complaints. Therefore, the

of concealment and omissions very similar to those in this case to be sufficient under Rule 9(b)).

Furthermore, contrary to Toshiba's contention, Plaintiff sufficiently alleges the intent element of his fraudulent omission claim. Rule 9(b) requires Plaintiff only to allege that Toshiba intentionally omitted material information on the allegedly defective DVR to consumers. See Bender 749 F.2d at 1216; Kalow & Springnut, LLP v. Commence Corp., 2008 WL 2557506, *4 (D.N.J. June 23, 2008). Plaintiff's complaint alleges that "Toshiba intended that Plaintiff and the Class Members rely upon such omission in connection with the sale or advertisement of merchandise." (Compl. ¶ 60.) Therefore, Plaintiff has sufficiently alleged the intent required by the NJCFA and Rule 9(b).

While Plaintiff fails to allege fraudulent misrepresentation with the particularity required by Rule 9(b), he sufficiently pleads fraudulent concealment and intentional omissions by Toshiba. The allegations of concealment and omissions by Toshiba adequately put Toshiba on notice of its alleged unlawful conduct —knowing about and concealing from consumers since 2004 the alleged uniform defect in its DVRs—and allow Toshiba to answer in an informed way. See Coffey, 2 F.3d at 161-62. Therefore, with respect to his allegations of concealment and omissions by Toshiba, Plaintiff has sufficiently pleaded, under Rule 9(b), the unlawful conduct element of his NJCFA claim.

### 2. Ascertainable Loss

Toshiba argues that Plaintiff fails in his complaint to allege an ascertainable loss as required under the NJCFA. (Def.'s Mot. to Dismiss 16-18.) Toshiba relies on a New Jersey Supreme Court case, Thiedemann v. Mercedes-Benz USA, LLC, for the proposition that "a

_____

Court is not persuaded by Toshiba's citation to Sheris.

product defect cannot satisfy the ascertainable loss requirement where the product is covered by a warranty providing for free replacement or repair."[10] (Def.'s Mot. to Dismiss 17.); 872 A.2d 783, 794 (N.J. 2005). According to Toshiba, Plaintiff cannot state an ascertainable loss under the NJCFA because he failed to avail himself of the repair and replace remedy in the limited warranty. The Court disagrees.

In Thiedemann, car owners filed a class action against Mercedes-Benz ("Mercedes") under the NJCFA alleging that Mercedes knew of a defect in the fuel sending units of its cars but concealed the defect from consumers. 872 A.2d at 786. According to plaintiffs, Mercedes knew that the defective fuel sending units caused the dashboard fuel gauge to inaccurately reflect the amount of gas in the tank, and exposed drivers to the risk of unexpected gas exhaustion. Id. Mercedes argued that because the company repaired or replaced the defective sending units in the cars for free as required under its warranty, plaintiffs failed to establish an ascertainable loss under the NJCFA. Id.

The New Jersey Supreme Court agreed with Mercedes, holding that the defective sending unit could not serve as the predicate ascertainable loss under the NJCFA when Mercedes repaired or replaced the defect in plaintiffs' cars for free as required under a limited warranty.

---

[10] Toshiba also relies on Furst v. Einstein Moomjy, Inc. for the proposition that "*only* 'when a merchant violates the Consumer Fraud Act by delivering defective goods and then refusing to provide conforming goods' can a customer allege a prima facie ascertainable loss. . . ." (Def.'s Mot. to Dismiss 17 (quoting Furst, 860 A.2d 435, 440 (N.J. 2004), emphasis added.) This is an inexcusable misrepresentation of New Jersey law. In Furst, the New Jersey Supreme Court agreed with the courts below that "when a merchant violates the Consumer Fraud Act by delivering defective goods and then refusing to provide conforming goods, a customer's ascertainable loss is the replacement value of those goods." 860 A.2d at 440. The court did not hold, as Toshiba misrepresents to the Court, that a plaintiff can allege a prima facie ascertainable loss only when a merchant delivers defective goods and then refuses to provide conforming goods.

Id. at 794-96.  According to the court, "defects that arise and are *addressed* by warranty, at no cost to the consumer, do not provide the predicate 'loss' that the [NJCFA] expressly requires for a private claim under the CFA, bringing with it the potential for treble damages, attorney's fees, and court costs and fees."  Id. at 794 (emphasis added).

Thiedemann does not stand for the proposition, as Toshiba would have the Court believe, that a plaintiff must avail himself of remedies under a limited warranty to have an ascertainable loss under the NJCFA.  The court in Thiedemann simply held that the allegedly defective fuel sending unit in Plaintiffs' cars could not constitute an ascertainable loss under the NJCFA when the defect had been fixed, replaced, or otherwise "addressed" by Mercedes for free as required under the warranty.  Id.  In this case, while Plaintiff's DVR is covered by Toshiba's warranty, the alleged defect in the DVR has not been "addressed" by Toshiba under the warranty.  See id. The DVR has not been repaired or replaced and allegedly remains defective.  Moreover, Plaintiff need not have incurred any out-of-pocket cost to repair or replace the allegedly defective DVR to state an ascertainable loss under the NJCFA.  See Cox, 647 A.2d at 464 (finding that to demonstrate ascertainable loss, plaintiff need not have actually spent money to perform repairs to correct defendant's errors in performing kitchen renovation).  Therefore, absent any authority supporting the proposition that a buyer cannot state an ascertainable loss without first giving the seller an opportunity to repair or replace under a limited warranty, the Court finds that Plaintiff has alleged an ascertainable loss under the NJCFA—the defective DVR and its alleged loss in value.  Toshiba's Rule 12(b)(6) motion to dismiss Plaintiff's NJCFA claim on these grounds is **DENIED**.

Furthermore, the Court finds that Plaintiff has alleged an ascertainable loss with the

particularity required by Rule 9(b).  According to the complaint, because of the defect, "Plaintiff and the Class have lost the entire value of their DVRs . . . ."  (Compl. ¶ 11.)  Plaintiff alleges elsewhere in his complaint that he paid $175 for the DVR.  (Compl. ¶ 14.); <u>see</u> <u>Kalow &</u> <u>Springnut</u>, 2008 WL 2557506 at *4 (finding ascertainable loss element to be sufficiently pleaded under Rule 9(b) when plaintiff alleged the dollar amount "it suffered by being 'forced' to purchase a particular software upgrade provided by defendant.").  These allegations of Plaintiff's ascertainable loss are sufficient under Rule 9(b).

### 3. Causation

Finally, Plaintiff must allege with particularity a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss.  <u>Cox</u>, 647 A.2d at 464-65. On this element, Plaintiff alleges that "as a direct and proximate result of Toshiba's unlawful, unfair and deceptive business practices, Plaintiffs and the Class Members suffered an ascertainable loss of moneys or property."  (Compl. ¶ 61.)

With respect to Plaintiff's allegations of affirmative misrepresentations by Toshiba, these allegations do not rise to the level of specificity required by Rule 9(b).  Plaintiff simply recites the causation element of the NJCFA claim, pleading no facts to link Toshiba's alleged misrepresentations with the alleged loss in value of his DVR.  <u>See</u> <u>Parker v. Howmedica</u> <u>Osteonics Corp.</u>, 2008 WL 141628, *5 (D.N.J. Jan. 14, 2008); <u>Dewey</u>, 558 F. Supp.2d at 526-27. Without alleging when, where, or how Toshiba misrepresented the condition of its DVRs to consumers, and how Plaintiff himself was exposed to these misrepresentations, Plaintiff cannot sufficiently allege a causal nexus between the alleged misrepresentations and his ascertainable loss.  <u>See</u> <u>Kalow</u>, 2008 WL 2557506 at *6.

With respect to his allegations of concealment and omissions by Toshiba, Plaintiff sufficiently pleads the causation element under Rule 9(b). As Plaintiff points out, when the alleged unlawful conduct is in the form of an omission, the particularity requirement with respect to the causal nexus is minimal. Strzakowlski v. General Motors Corp., 2005 WL 20019192, *7 (D.N.J. Aug. 16, 2005) (causation element sufficiently pleaded under Rule 9(b) when plaintiff claimed that "she and other putative class members would not have purchased their vehicles if GM had earlier disclosed the existence of the known defective condition of K Engine Vehicles."). As in Strzakowlski, Plaintiff alleges in this case that "no one would buy a DVR that contains a defect that causes the DVR not to record the television programs that it had been set up to record." (Compl. ¶ 60.); see 2005 WL 2001912 at *7. Therefore, the Court finds that Plaintiff sufficiently alleges a causal nexus between Toshiba's alleged omissions and the alleged loss in value of his DVR.

For the reasons above, with respect to his allegations of concealment and omissions by Toshiba, Plaintiff sufficiently alleges a NJCFA claim under Rule 9(b). The Court **DENIES** Toshiba's motion to dismiss Plaintiff's fraudulent concealment claim. The Court **GRANTS** Toshiba's motion to dismiss Plaintiff's fraudulent misrepresentations claim. Plaintiff has not alleged affirmative misrepresentations by Toshiba with the particularity required by Rule 9(b). Furthermore, Plaintiff concedes that his "allegations generally concern Toshiba's fraudulent omissions, rather than its affirmative misrepresentations." (Pl.'s Opp. to Def.'s Mot. to Dismiss 18.) Plaintiff obviously was aware of Rule 9(b)'s requirement and could have alleged his fraudulent misrepresentations claim with more particularity if he had a factual basis for such a claim. Therefore, Plaintiff's request to amend his complaint in lieu of dismissal of the fraudulent

misrepresentations claim is **DENIED**.

### D. Unjust Enrichment

In the alternative to his breach of warranty claims, Plaintiff claims that Toshiba was unjustly enriched by selling DVRs it knew to be defective. (Compl. ¶¶ 73-80.) Unjust enrichment is an equitable remedy usually applied when no contractual relationship exists between the parties. Construcciones Haus Sociedad v. Kennedy Funding Inc., 2008 WL 1882857, *6 (D.N.J. April 24, 2008). Where an enforceable express contract covers the identical subject matter of the claim, a plaintiff cannot pursue a quasi-contractual claim for unjust enrichment. Van Orman v. Am. Ins. Co., 680 F.2d 301, 311 (3d Cir. 1982) ("[W]e believe that New Jersey courts regard the existence of a valid contract as a bar to recovery under [the unjust enrichment] theory."); St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n, 2005 WL 1199045, *7 (D.N.J. May 18, 2005); Construcciones Haus Sociedad, 2008 WL 1882857 at *6.

That Toshiba's express warranty is a valid and enforceable contract binding on both parties is undisputed. In fact, Plaintiff's claim of Toshiba's breach of an express warranty depends on the existence of an enforceable contract between the parties. Moreover, Plaintiff does not dispute that Toshiba's warranties cover his allegedly defective DVR, the subject matter of both his breach of warranty and his unjust enrichment claims. See St. Matthew's Baptist Church, 2005 WL at *7. Since a valid contract exists between Plaintiff and Toshiba that governs the allegedly defective DVR, Plaintiff cannot state a claim for unjust enrichment.[11] See Van

---

[11] The authority cited by Plaintiff to support his unjust enrichment claim does not require a different result. In those cases, the validity of the express contract was at issue, making the unjust enrichment claim a viable alternative in case the contract was found to be unenforceable. See In re Prudential Ins. Co. of Am. Sales Practices Litig., 975 F. Supp. 584, 621-22 (D.N.J. 1996); Delahunt v. Cytodyne Technologies, 241 F. Supp.2d 827, 842 (S.D. Ohio 2003). In this

Orman, 680 F.2d at 311; St. Matthew's Baptist Church, 2005 WL 1199045 at *7; Construcciones Haus Sociedad, 2008 WL 1882857 at *6.  Therefore, Toshiba's motion to dismiss this claim is **GRANTED**.

## V.     Conclusion

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Toshiba's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be be granted.  (Doc. # 9.)  The Court **GRANTS** Toshiba's motion with respect to Plaintiff's breach of express warranty and unjust enrichment claims.  The express warranty and unjust enrichment claims are **DISMISSED WITH PREJUDICE**.  The Court **DENIES** Toshiba's Rule 12(b)(6) motion with respect to Plaintiff's breach of the implied warranty of merchantability claim.  The Court **GRANTS in part** and **DENIES in part** Toshiba's motion to dismiss Plaintiff's NJCFA claim under Rule 9(b).  Regarding Plaintiff's NJCFA claim of fraudulent misrepresentations by Toshiba, the Court **GRANTS** Toshiba's motion to dismiss.  Regarding Plaintiff's NJCFA claim of fraudulent concealment by Toshiba, the Court **DENIES** Toshiba's motion to dismiss.  That claim, along with the implied warranty of merchantability claim, remains.

**IT IS SO ORDERED.**


Date: December 31, 2008                          **/s/ John D. Holschuh**
                                                 John D. Holschuh, Judge
                                                 United States District Court

_____

case, Plaintiff concedes that the express warranty is an enforceable contract.  (Pl.'s Opp. to Def.'s Mot. to Dismiss 1, 6.)  Therefore, unlike the cases Plaintiff cites, the existence of an enforceable contract governing Plaintiff's allegedly defective DVR bars his unjust enrichment claim.  See Van Orman, 680 F.2d at 311.